NO. 07-00-0419-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 30, 2001



______________________________




ALLEN EUGENE MOTE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. 57,403-L; HONORABLE JOHN T. FORBIS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 Appellant Allen Eugene Mote was convicted of the misdemeanor offense of record
of fraudulent court and sentenced on August 10, 2000, to confinement in the Randall
County Jail for 180 days and a fine of $500, probated for two years. A pro se notice of
appeal was filed on September 11, 2000. 

 We have received a portion of the reporter's record, but have not received the
clerk's record in this matter. We have been notified by letter dated March 16, 2001, from
the court clerk that appellant has failed to pay for preparation of the record or to make
satisfactory arrangements with the clerk for doing so. Because we have responsibility to
avoid further delay and protect the parties' rights, we abate this appeal and remand to the
Randall County Court at Law for a hearing. See Tex. R. App. P. 37.3(a)(2). 

 Upon remand, the judge of the trial court shall immediately cause notice to be given
of and conduct a hearing to determine:

 1. Whether appellant has abandoned his appeal.

 2. If appellant has not abandoned his appeal, the court shall determine if
appellant is indigent, and if so, whether counsel should be appointed to
represent him.


 3. If appellant is not indigent, whether he has failed to make the necessary
arrangements for prosecuting his appeal, and if he has not done so, what
orders, if any, are necessary to ensure those arrangements are made. 


 4. If it be determined that an attorney should be appointed to represent
appellant, the name, address, and State Bar of Texas identification number
of the attorney appointed. 


 5. If any other orders are necessary to ensure the diligent and proper
pursuit of this appeal. 


 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. Those supplemental records shall be submitted to the clerk of this court
no later than May 1, 2001. 

 It is so ordered.

 Per Curiam

Do not publish.